UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

ALONYA HORTON                         ]
                                      ]
    Plaintiff,                    ]
                                      ]
vs.                                   ]   3:11-CV-03062-LSC
                                      ]
CAROLYN W. COLVIN                     ]
Commissioner,                         ]
Social Security Administration,       ]
                                      ]
    Defendant.                    ]

MEMORANDUM OF OPINION

I.    Introduction.

The plaintiff, Alonya Horton, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB"). Ms. Horton has timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Horton was thirty-seven years old at the time of the Administrative Law Judge's ("ALJ's") decision. (Tr. at 26.) She has a ninth grade education and has past work experience as a caretaker, secretary and janitor. (Tr. at 29, 31, 33, 96, 127-34.) Plaintiff alleged she was became disabled on August 16, 2007, due to back and hand

pain. (Tr. at 37,41-42, 77-79, 95.)

When evaluating the disability of individuals over the age of 18, the regulations prescribe a five-step process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a), 416.920(a). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. *Id.* These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). The decision depends on the medical evidence in the record. If the claimant's impairments are not severe, the analysis stops. *Id.* Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, the analysis proceeds to the fourth step.

The fourth step requires a determination of whether the claimant's

impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). As to this criterion, the regulation states:

> If we cannot make a decision based on your current work activity alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.

*Id.* Upon determination that the claimant cannot do any of the work he or she has done in the past, step five requires the Court to consider the claimant's residual functional capacity ("RFC"), as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Using the five-step sequential evaluation process, the ALJ first found that Ms. Horton last met the insured status requirements of the Social Security Act on December 31, 2009. (Tr. at 12, Finding No. 1.) The ALJ further found that the plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of August 16, 2007 through her date of last insured of December 31, 2009. (Tr. at 12, Finding No. 2.) According to the ALJ, Plaintiff's impairments of "degenerative disk disease of the lumbar spine; and [] status post right carpal tunnel release" are considered "severe" based on the requirements set forth in the

regulations. (Tr. at 12, Finding No. 3.) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 13, Finding No. 4.) The ALJ did not find Plaintiff's allegations of inability to work in her past capacity to be "totally credible," and he determined that she has the residual functional capacity to:

> perform sedentary work as defined in 20 C.F.R. 404.1567(a) except that she can lift 5 pounds with her right hand and 10 pounds with her left hand for a combined total of 10-15 pounds; and that she needs a sit/stand option, in that she can sit for at least 30 minutes, stand for 15-20 minutes, and walk for 20-30 minutes.

(Tr. at 13 Finding No. 5). Additionally, the ALJ found in the fourth step that the Plaintiff could perform her past relevant work as a receptionist. (Tr. at 16, Finding No. 6.) Relying on vocational expert (VE) testimony, the ALJ found that the Plaintiff's past work as a receptionist did not require the performance of work related activities precluded by Plaintiff's RFC. (*Id.*) The ALJ also found that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform, such as clerical sorter and appointment clerk. (Tr. at 16.) Finally, the ALJ concluded that the Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time from August 16, 2007, the alleged onset date, through December 31, 2009, the

date last insured." (Tr. at 17.)

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for

"despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion.

Ms. Horton filed the instant action for judicial review in this Court on August 22, 2011. (Doc. 1.) *See* 42 U.S.C. § 405(g). Ms. Horton, however, failed to submit any brief, argument, list of authorities, or statement in support of her appeal. The Commissioner submitted a brief (Doc. 10), and Ms. Horton did not submit a reply. Deadlines for submissions have passed, and the issues in this case are now ripe for decision. Ms. Horton has failed to point to any errors in the ALJ's opinion despite the fact that she has had three opportunities to do so: (1) her complaint, (2) an initial brief in support of her claim, and (3) a reply to the Commissioner's brief. (Doc. 10.)

Nonetheless, this Court has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record. Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence. The ALJ did not err when he concluded that Ms. Horton is not disabled.

IV.     Conclusion.

Upon review of the administrative record, and considering all of Ms. Horton's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this <u>18th</u> day of <u>June 2013</u>.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]